JOHN SPELLMAN *et al.,* Pltffs in Error, *v.* ALFRED G. CURTENIUS, Deft in Error.

### ERROR TO PEORIA.

A regular tax deed, founded upon a valid precept and judgment, is *prima facie* evidence of every fact necessary to authorize a recovery upon it. Some of the facts evidenced by such a deed shall only be controverted, by a person who first shows, that he or the person under whom he claims title, had title to the land at the time it was sold for taxes, or that title was obtained from the United States, or this State, after it was sold, or that all taxes due, have been paid.

Other facts of which the deed is *prima facie* evidence may be controverted by any person.

If the judgment, describing the lands to be sold for taxes, against which it is entered, shows the year for which the taxes are due, it is sufficient ; it need not show the name of the patentee, or present owner, nor the valuation, nor the county in which it lies.

The statute, requiring each tract of land to be listed and valued separately, does not require that such listing shall be upon the smallest legal subdivisions of land, but that two or more disconnected tracts, shall not be listed and valued together.

To give the Court jurisdiction, the collector should make a report and give notice of the application for judgment, substantially as required ; if either of these is defective, the *prima facie* case made by the deed is rebutted.

The amount of costs on a tax sale, cannot be made a question, when the judgment comes collaterally in issue.

The land sold for taxes, is to be taken off the east side of the entire tract as it was sold.

The intention of the law is, that when less than the whole tract is sold for taxes, that the quantity sold, shall be taken from the eastern part of the tract, and a line is to be drawn, due north and south, far enough west of the most eastern point of the tract, to make the requisite quantity.

Limitation of twenty years possession, will not commence running, until after the land is purchased from the United States.

A certificate, showing that a party proved himself entitled to a pre-emption, does not constitute such a title or claim, or color of title, as can be made the foundation of a seven years position, as against a party who subsequently entered the land under another pre-emption.

This action of ejectment was tried at the March term, 1850, of the Peoria Circuit Court, before Kellogg, Judge, and a jury, and resulted in a verdict and judgment for the plaintiff below. The defendants below, sued out this writ of error. The lot sought to be recovered, was number four, in block fifty, of Bigelow and Underhill's Addition to Peoria.

The judgment against the land for taxes is in the following form.

" Whereas Julius A. Johnson, collector of said county, returned to the Circuit Court of said county, on the 26th day of May, A. D. 1845, the following tracts or parts of tracts of land as having been assessed by the assessor of the said county of Peoria, for the year 1843, and that the taxes thereon remain due and unpaid, on the day of the date of the said collector's return, and that the

respective owner or owners, have no goods or chattels, within this county, on which the said collector can levy for the taxes, interest and costs due on the following described lands, to wit :

| DESCRIPTION. | No. of acres. | Tax. | Costs. |
|---|---|---|---|
| S. W. & S. E. 9, T. 8 N., 8 E. | 150 | $21,00 | ,40 |

And whereas due notice has been given of the intended application for a judgment against said lands, for the taxes, interest, and costs due and unpaid thereon, for the year herein set forth ; therefore, it is considered by the Court, that a judgment be, and is hereby entered against the aforesaid tracts of land, and parts of tracts, in the name of the State of Illinois, for the sum annexed to each tract or parcel of land, being the amount of taxes, interest, and costs due severally thereon ; and it is ordered by the Court, that the said several tracts of land, or so much thereof as shall be sufficient of each of them to satisfy the amount of taxes, interest, and costs annexed to them, severally be sold as the law directs."

All other facts necessary to a full understanding of this case, are contained in the opinion of the Court.

C. Ballance, for Pltffs in Error.

N. H. Purple & E. N. Powell, for Defts in Error.

Trumbull, J.    This was an action of ejectment brought to recover the possession of lot number four, in block number fifty-one, in Bigelow and Underhill's Addition to the Town of Peoria.

Curtenius, who was plaintiff in the Court below, gave in evidence, a certificate of the register of the land office at Quincy, showing the entry by John L. Bogardus, on the fifteenth of November, 1837, of the south-east fractional quarter of section number nine, in township number eight north, of range number eight east of the fourth principal meridian, proved the laying off of said fractional quarter into town lots, that the defendants were in possession of the premises sued for at the commencement of the suit, and traced title thereto by a regular chain of conveyances from Bogardus to himself.

To meet this *prima facie* case, the defendants below, who were tenants of Charles Ballance, sought to set up an outstanding title

Spellman *et al. v.* Curtenius.

in their landlord, derived from a sale of the premises in question, for the taxes of 1843. In support of this title they offered in evidence, a judgment of the Circuit Court of Peoria county, rendered at the May term, 1845, against the following tract of land, for the taxes of 1843, to wit:

| "DESCRIPTION. | No. of acres. | Tax. | Costs. |
|---|---|---|---|
| S. W. & S. E. 9, T. 8 N., 8 E. | 150 | $21 00 | .40" |

Also a precept in the usual form in which the land is described in the same manner as in the judgment, and a tax deed conveying to said Ballance "one acre of land off of the east side of the south-west and south-east fractional quarters of section number nine, of township eight north, in range eight east, situated in the county of Peoria."

The Court excluded this deed from the jury, and the plaintiff had judgment for the premises in question.

A regular tax deed, founded upon a valid judgment and precept, is made by the statute *prima facie* evidence of every fact necessary to authorize a recovery upon it; but as it is only *prima facie* evidence, it follows, that there must be some way of contesting the case made by the deed, else it would be conclusive of those facts of which the statute expressly declares it shall be *prima facie* evidence merely. The law provides that some facts, of which the deed is *prima facie* evidence, shall only be controverted by a person who first shows that he or the person under whom he claims title, had title to the land at the time it was sold for taxes, or that the title was obtained from the United States, or this State, after the sale, and that all taxes due upon the land have been paid. Other facts of which the deed is merely *prima facie* evidence, may be controverted by any one. The plaintiff below, did not put himself in a position to defeat the tax title, by proof of any one of those facts which the owner of the land who shows that all taxes upon it have been paid, is alone permitted to establish, for although he showed title in himself at the time of the sale, he did not show that no taxes were due from the land at the time of the trial. Curry *v.* Hinman, 11 Ills., 429. The facts which he attempted to prove, viz.. that the lot was not subject to taxation, as *land,* and that the taxes upon it, for the year for which it was sold, had been paid, he was not in a condition to show, and it is therefore unnecessary to determine what effect that evidence might otherwise have had upon the case.

The only objections to the tax title, which it is important to notice, are such as any and all persons claiming adversely thereto are permitted to make. These objections, are either on account of some defect apparent upon the face of the judgment, precept, or collector's deed; or they may arise from the want of such a report and notice, as would give the Court jurisdiction to enter the judgment, or from showing, either that the land was not advertised for sale as required by law, that it was not sold for taxes as stated in the deed, that the grantee in the deed was not the purchaser, or that the sale was not conducted according to law, either of which facts, any person is at liberty to show, for the purpose of excluding the deed from the jury, without first showing that he owned the land at the time of the sale, and that no taxes were due upon it.

The objections taken to the judgment are, that it does not state either the name of the patentee or present owner of the land, its valuation, the county in which it lies, nor the year for which the taxes were due. It is admitted that neither of these facts appears in that part of the judgment, describing the lands against which it is entered, but the preceding part of the order shows the year for which the taxes were due, and the law does not require either of the other omitted facts to be stated in the judgment.

It is also objected that the judgment is against two separate and distinct tracts of land, and therefore void. This objection arises from a misapprehension in point of fact. The judgment is not, as has been supposed, against two separate parcels of land, but against one entire tract including within its boundaries, it is true, what might very conveniently have been described in two separate parcels. Such also is the case, when a quarter section is listed as one tract, and judgment pronounced against it as such, and yet who ever supposed a judgment against an entire quarter section void, because it embraced within its boundaries, what might have been described, by legal subdivisions, as four tracts? If one hundred and sixty acres can be assessed and sold for taxes, as one tract, cannot one hundred and fifty, or one hundred and twenty acres? In describing the last mentioned quantity, by legal subdivisions, it would be impossible to avoid what, if taken separately, would be a forty and an eighty acre tract, yet if the description included three-fourths of the same

quarter section, the quantity of which was given as one entire tract, the whole one hundred and twenty acres, would no more constitute two separate tracts of land, than it would if described by metes and bounds. The statute requiring each tract of land to be listed and valued separately, does not mean that an entire tract must be subdivided into the smallest legal subdivisions of which it is susceptible, but simply that two or more tracts disconnected from each other, so as not to be embraced within the same general description, shall not be valued together. In this case, had the hundred and fifty acres been described by metes and bounds, or as the south fractional half of section nine, no one would have thought the judgment void, because within the description of the land, two fractional quarters were embraced. In the judgment, and all the previous proceedings, the whole one hundred and fifty acres is treated as one entire tract. The quantity of land in both quarters is stated together, and there are no means of ascertaining, from the record, the number of acres which each fractional quarter separately contains. It was just as proper, to enter judgment against the south-east and south-west fractional quarters of section nine, embracing one hundred and fifty acres, as it would be to enter judgment against an entire quarter section.

No objections were made to the precept, except such as have already been noticed, as applying to the judgment, nor was any attempt made in the Court below, to show either that the land was not advertised for sale, as required by law, that it was not sold for taxes, as stated in the deed, that Ballance was not the purchaser, or that the sale was not conducted according to law. If, therefore, the Court had jurisdiction to render the judgment, and the deed was regular upon its face, it was improperly excluded from the jury.

To give the Court jurisdiction, it is essential that the collector should make a report, and give notice of the application for judgment, substantially, as required by the statute. The report and notice, are the foundation of the whole proceeding, and without them, the Court would have no authority to enter judgment; and although the deed is itself *prima facie* evidence, that the proper notice was given and report made, yet when the party, as was done in this case, gives the notice and report, in evidence, the *prima facie* case, made by the deed, will be destroyed, if either is essentially defective.

No exceptions have been taken to the notice, and the report, though not in the precise form required by the statute, contains all that is essential to give the Court jurisdiction. It is headed: "List of lands, and other real estate, situated in the county of Peoria, and State of Illinois, on which taxes remain due and unpaid for the year 1843." Then follows a description of the land, with the amount of tax due upon it, the same as in the judgment, and at the foot of the report, is a statement that the costs upon each tract of land and town lot then accrued, was ten cents. When the Court has before it a collector's report, properly headed, giving a description of the land, the amount of tax due upon it, and for what year, a case is presented authorizing the Court to act, if the proper notice has been given. All these facts were before the Court which rendered the judgment under consideration. Some objection was made, that the amount of costs was not correctly stated in the report and judgment. This is immaterial, as it does not go to the jurisdiction of the Court to enter a judgment. It might be cause for reversing it on a direct proceeding by appeal or writ of error, but cannot be made a question, when the judgment comes collaterally in issue.

It is undoubtedly the duty of all officers charged with the execution of the revenue law, to follow the forms prescribed, and a failure to do so, might often be fatal to a judgment in a direct proceeding to reverse it, but it was held in the case of Chesnut *v.* Marsh, *ante* 173, that a failure to follow the forms prescribed, was not fatal to a judgment in a suit for taxes, coming collaterally in question, provided the Court had jurisdiction of the case.

Some objections have been taken to the tax deed, which it is proper to notice. The law is, that a person offering to pay the taxes and costs upon a tract of land exposed at a sale for taxes, for the least quantity, shall be the purchaser of such quantity, which shall be taken off of the east side of such tract, and it has been supposed that, inasmuch as the deed to Ballance is for one acre, off of the east side of the south-west and south-east fractional quarters of section nine, that the acre must be taken from two tracts, and is therefore void. This objection is of the same character as one which was made to the judgment, and must receive the same answer.

It is founded upon a misapprehension in fact, upon the mis-

taken idea, that one hundred and fifty acres of land cannot be described as one tract. That the description adopted, was intended to, and does in fact, include the whole quantity in one entire tract, has already been shown, and it is not to be subdivided for the purpose of giving the tax purchaser a part of his acre off of the east side of each subdivision, but the whole acre is to be taken off of the east side of the entire tract as it was sold.

Another difficulty has been suggested, that the south-east and south-west fractional quarters run to a point on the east, and have no eastern side. The intention of the law is, when less than the whole tract is sold for taxes, that the quantity sold should be taken from the eastern part of the tract, and a line is to be drawn due north and south, far enough west of the most eastern point of the tract of land sold, to make the requisite quantity. The law must have a practical effect, and because a tract of land does not happen to be in a form, so as to have, strictly speaking, an east side, it is not to be presumed that the legislature intended such tract to be exempt from this general provision of the revenue law. To give it such a construction, would be emphatically *sticking in the bark.*

Some other questions were raised, in this case, which it is proper to notice, as they would again arise upon another trial.

The defendants attempted to prove twenty years' possession of the premises in question, also seven years' possession under claim of title, and, as the foundation of title, proposed to give in evidence, various certificates, showing that different persons had proved a right of pre-emption to the land in dispute, before it was entered by Bogardus, also, that an award had at one time been made in reference to the land by which the lot in question, through mistake, was allotted to the parties through whom the plaintiff derived title, when in fact, it was designed by the arbitrators to have been awarded to said Ballance. All this mass of evidence was properly rejected by the Court.

The defendants could not rely upon a possession of twenty years, because the record shows that the land was not purchased of the United States, till 1837; till then, therefore, the statute would not begin to run, and since that time, twenty years have not elapsed.

A certificate of a land officer, showing that a party, at one

time, proved himself entitled to a pre-emption, when the record shows that the same land was subsequently entered by another individual, under a different pre-emption claim, does not constitute such a title, or claim, or color of title, as can be made the foundation of a seven years' possession, under the statute.

The award, offered in evidence, showed no shadow of title in Ballance, and the attempt to reform it by parol evidence, on the trial of an action of ejectment, so as to make it the foundation of an equitable title upon which to base a seven years' possession, was wholly inadmissible.

The judgment must be reversed, for the reason that the Court below excluded the tax title deed from the consideration of the jury. Judgment reversed and cause remanded.

*Judgment reversed.*