IRA B. PICKETT, Appellant, *v.* JOSEPH HARTSOCK, Appellee.

APPEAL FROM GREENE.

Upon the demise of a judgment debtor, if an execution issue upon the judgment, and the decedent's real estate is sold thereon, and a sheriff's deed obtained without a notice having been first given to the executor or administrator of said estate, as required by the statute, no title passes.

When property is sold under execution, and a sheriff's deed thereon is offered in evidence, but no judgment is proved to support such execution, no title passes to the purchaser.

*Quære,* whether a judgment obtained against the conservator of an insane person, becomes a lien upon the real estate of such insane person which can be enforced by execution.

A judgment rendered for taxes on a day prior to the day named in the notice of the collector, is void.

Also a judgment rendered for taxes, when the report of the collector does not substantially comply with the statute, is equally void.

THIS cause was heard and decided by WOODSON, Judge, at September term, 1853, of Greene Circuit Court.

J. M. PALMER and A. W. CAVARLY, for appellant.

D. A. SMITH, for appellee.

TREAT, C. J.   This was an action of ejectment, brought by Pickett against Hartsock, to recover the possession of the east half of the north-east quarter of section 29, and the east half of the south-east quarter of section 33, both in township eleven north, of range ten west; and lot 15 in the town of Greenfield; all situated in Greene county.

It was admitted on the trial, that the defendant was in the possession of the premises when the suit was commenced; that Ichabod Valentine was the patentee; that by an inquisition of the Greene circuit court, in 1841, he was found to be a lunatic, and George J. Valentine was appointed conservator of his estate; that he remained insane till his death, in 1845, when George J. Valentine was appointed administrator, and still continued to act as such; and that the heirs at law were George J. Valentine, James M. Valentine, Emily Boring, Esther H. Goode, Eliza A. Boring, Nancy Loftow, and Mrs. Gillham.

The plaintiff then introduced the following evidence, in reference to the east half of the north-east quarter of section 29.   A judgment of the Greene circuit court, rendered on Friday the

4th day of April, 1845, for the taxes on this tract of land for the previous year. A precept issued on the judgment. A sheriff's deed to Coonrod, and a deed from Coonrod to the plaintiff. The notice published by the collector stated that he would apply for judgment on the first Monday of April, which was the seventh day of that month.

He also adduced the following evidence, as to the east half of the south-east quarter of section 33. A judgment of the Greene circuit court, rendered at the October term, 1843, for the taxes on this tract for the previous year. A precept issued thereon. A sheriff's deed to Orr; a deed from Orr to Yates; and a deed from Yates to the plaintiff. The collector's report was in these words : —

" State of Illinois, Greene county.

*Collector's Office, August* 8, 1843.

To the honorable judge of the circuit court of Greene county. The collector of public revenue do ask of your honor, judgment on the following lands and town lots, situated in said county, for the year 1842.

J. Valentine, 80 acres E. ½ S. E. ¼ 33, 11, 10. Valuation, 320. Tax, 144. Costs, 22 cents.

DAVID PINKERTON, Collector of Greene county."

The plaintiff also exhibited a tax title to the lot in Greenfield, but as the title is conceded to be defective, it will not be further noticed.

He also introduced a quitclaim deed to himself, for the premises in controversy, from George G. Valentine, James M. Valentine, Emily Boring, Esther H. Goode, and Eliza A. Boring, bearing date the 1st of January, 1851.

The defendant introduced the following items of evidence:—

1. A judgment of the Greene circuit court, rendered at the April term, 1843, as follows :

" F. T. Bostick *v.* George J. Valentine. T. C. on promises.

" It appearing that the defendant has been duly served with process, he was solemnly called and came not, but made default; whereupon it is adjudged, that the plaintiff recover of the defendant the damages in the declaration mentioned, and because the amount of the damages are unknown to the court, the clerk is ordered to assess the same; and the clerk having assessed the damages to one thousand five hundred and fourteen dollars and twenty-seven cents, as appears by his report which is approved; it is adjudged, that the plaintiff recover the amount of damages aforesaid, together with her costs herein, and she have execution hereof."

2. That an execution was issued on this judgment in April, 1843, and returned in July, by order of the plaintiff.

3. Amended judgment of the August term, 1844, in these words : —

"Frances T. Bostick, executrix of Manoah Bostick, *v.* George J. Valentine, conservator of the estate of Ichabod Valentine, an insane person.    Trespass on the case on promises.

"Now at this day came the plaintiff by Doyle her attorney, and the defendant George J. Valentine, in his own proper person ; and it being suggested to the court, that there is error in entering the judgment of this court in the said cause, at the April term, 1843, and the court being satisfied that there is error in the entering of said judgment, to wit, the judgment is rendered against the said George J. Valentine in his individual capacity, and not as conservator of the estate of said Ichabod Valentine, an insane person, as it should have been, and the said George J. Valentine consenting thereto ; it is considered and adjudged by the court, that the said judgment be amended and corrected, and that the said plaintiff recover of the said George J. Valentine, conservator of the estate of Ichabod Valentine, an insane person, the damages in the said judgment mentioned, and that she have execution therefor, against the goods and chattels, lands and tenements of the said Ichabod Valentine, in the hands of the said George J. Valentine, as conservator of his estate."

4. That an execution was issued on the 27th of August, 1844, and returned in November by order of the plaintiff.   The execution described the judgment as rendered at the April term, 1843.

5. A notice in these words: " To George J. Valentine, administrator of Ichabod Valentine, deceased.   You will please take notice, that I hold a judgment against you in the Greene circuit court, State of Illinois, as conservator of the estate of your father, Ichabod Valentine ; said judgment in my favor for $1,514.27 and costs, rendered April 4, 1843 ; your father having died, and you having taken out letters of administration on his estate, I shall proceed to cause an execution to issue upon said judgment until the same is satisfied.

FRANCES T. BOSTICK.

August 10, 1847."

" I acknowledge service of the within notice.

GEORGE J. VALENTINE, Administrator.

August 10, 1847."

24 *

6. An execution issued on the judgment, on the 19th of March, 1851, under which the premises in controversy were sold and conveyed by the sheriff to the defendant. This execution described the judgment as entered at the August term, 1844.

On the foregoing state of facts, the court found the issue for the defendant, and rendered judgment in his favor.

The tax judgment of the 4th of April, 1845, was clearly void. It was rendered prior to the day named in the notice of the collector. The action of the court was premature and unauthorized. It had no jurisdiction over the case before the 7th of April. Up to that day, owners had the right to pay the taxes charged against their property, or to make preparations to resist the application for judgment.

The judgment for taxes entered at the October term, 1843, was equally invalid. The report of the collector was substantially defective. It was not sufficient to invest the court with jurisdiction. The statute required the report to commence : " List of lands, and other real estate, situated in the county of ———, and State of Illinois, on which taxes remain due and unpaid for the year herein set forth." The collector made no attempt to comply with this direction. It is nowhere stated in the report, for what year the taxes were assessed. This court said, in Spellman *v.* Curtenius, 12 Ill. 409 : " To give the court jurisdiction, it is essential that the collector should make a report, and give notice of the application for judgment, substantially as required by the statute. The report and notice are the foundation of the whole proceeding, and without them the court would have no authority to enter judgment."

The plaintiff obtained no title under these judgments. But he acquired title to five sevenths of the premises, by the deed of the 1st of January, 1851, unless that title was divested by the proceedings on the judgment against the conservator of Ichabod Valentine. In the absence of all proof to the contrary, the presumption is that he was a *bonâ fide* purchaser from the heirs.

The statute declares that a " judgment shall be a lien on such lands, tenements, and real estate, from the last day of the term in which the same may be rendered, for the period of seven years ; provided, that execution be issued at any time within one year on such judgment, and from and after the said seven years, the same shall cease to be a lien on any real estate, as against *bonâ fide* purchasers, or subsequent incumbrancers by mortgage, judgment, or otherwise." If the judgment should be considered as entered at the April term, 1843, more than seven years intervened between its rendition and the issuing of the execution, under which the defendant purchased the premises.

The judgment, in the mean time, ceased to be a lien, as against *bonâ fide* purchasers and subsequent incumbrancers. It could not, therefore, be enforced to the prejudice of the plaintiff. The defendant could not acquire title to more than two sevenths of the premises. But the execution purports to have issued on a judgment recovered in 1844; and the sheriff's deed could not be supported by the production of a judgment rendered in a previous year.

If the judgment should be regarded as rendered at the August term, 1844, there is still a fatal objection to the defendant's title. The statute provides, that on the death of a party against whom a judgment has been obtained, " it shall be lawful for execution to issue against the lands and tenements of said deceased person or persons, without first reviving the judgment against their heirs or legal representatives: provided, however, the plaintiff or plaintiffs in execution, or his or their attorney, shall give to the executor or administrator, if there be any, of said deceased person or persons, at least three months' notice in writing, of the existence of said judgment before the issuing of execution." In this case, the judgment creditor gave notice of a judgment obtained in 1843. That did not authorize an execution to issue on a judgment recovered in a subsequent year. This provision of the statute dispensing with the necessity of reviving a judgment by *scire facias*, must be substantially complied with.

It is clear that the defendant cannot assert title under the sheriff's deed. If the judgment was rendered in 1843, the execution did not issue upon it. If rendered in 1844, the execution was issued without authority. In any point of view, he acquired no title.

The case has been treated as if the judgment against the conservator was a lien on the lands of Ichabod Valentine, and that the lien might be enforced by execution. The court must be understood as intimating no opinion on this question.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*