THOMAS MORGAN and ANDREW J. MORGAN, Plaintiffs in Error, *v.* GEORGE CAMP, Defendant in Error.

#### ERROR TO PIKE.

For the taxes due for 1846, in order to give the court jurisdiction, the collector's report and his notice of application for judgment must be substantially as required by the statute. The heading required by the statute is necessary.

The collector's report thould show on its face in what county the lands are situated, and the year for which the taxes are assessed.

The notice of the sale must conform to the statute, or the collector has no authority to sell.

THIS cause was commenced in Scott county, and was removed by change of venue to Pike county. It was there heard before MINSHALL, Judge, at the October term, 1851.

M. McCONNEL, for Plaintiffs in Error.

D. A. SMITH, for Defendant in Error.

TREAT, C. J. This was an action of ejectment, brought by Camp against Thomas Morgan and Andrew J. Morgan, to recover the possession of lots twenty-two and twenty-four, in the town of Winchester, Scott county. The plaintiff claimed title to the lots, by virtue of a sale of same for taxes, made on the 2nd of June, 1846, under a judgment of the Scott circuit court. He introduced certified copies of the report of the collector, the notice of the application for judgment, the judgment, the precept, and the sheriff's deed. The collector's report was thus described:

"Daniel Avery, sheriff and *ex officio* collector of taxes for Scott county, Illinois, for the year 1845, exhibited to the court and filed a list and description of real

estate, situated in the county of Scott, charged with taxes for the year 1845, and upon which said taxes have not been paid, which list and description is recorded on the pages following, to wit:

| OWNER. | LOTS IN WINCHESTER. | | | | |
|---|---|---|---|---|---|
| | O. T. | L. | Value. | Tax. | Costs. |
| A. J. Morgan. | Same. | 22 | $100 | 70 | $25 |
| Same. | Same. | 24 | 200 | $1 40 | 25 " |

The collector gave notice in the advertisement, that he would sell the lands and lots described in the report, "for the amount of interest and costs due thereon." This evidence was all received against the objections of the defendants. The jury found the issue in favor of the plaintiff, and the court refused to grant a new trial.

First. The statute prescribes the form of the collector's report. It is to commence thus: "List of lands and other real estate, situated in the county of ——, on which taxes remain due and unpaid for the year herein set forth." The statute also provides that the clerk, "upon the filing of such report and certificate of publication by the collector, shall receive and record the same in a book to be kept for that purpose, in which he shall enter all judgments, orders and other proceedings of the court in relation thereto, and shall keep and preserve the same as part of the records of his office." Rev. Stat., Chap. 89, Secs. 46 and 57. This court said, in *Spellman* v. *Curtenius,* 12 Ill. 409: "To give the court jurisdiction, it is essential that the collector should make a report, and give notice of the application for judgment, substantially as required by the statute. The report and notice are the foundation of the whole proceeding, and without them the court would have no authority to enter judgment." It was held in *Pickett* v. *Hartsock,* 15 Ill. 279, that a collector's report without the heading prescribed by the statute, was not sufficient to confer jurisdiction on the court to enter judgment. The report in the present case is essentially defective. It does not contain the heading required by the statute. It does not show on its face in what county the lands are situated, or the year for which the taxes were assessed. The preface of the clerk does not remedy the defect in the report. The law requires him to record the report at large; and he certifies the paper offered in evidence to be " a full, true and correct copy of the report of the collector." We must intend that it is a complete transcript of the report.

Second. There is another fatal objection to the tax title. It is the duty of the collector to give notice in the advertisement, that, on the fourth Tuesday succeeding the commencement of the court, " all the lands against which judgment shall be pronounced, will be exposed to public sale at the court-house of the

said county, for the amount of said taxes, interest and costs due thereon." Rev. Stat., Chap. 89, Sec. 47. A collector has no authority to make a sale without giving this notice. A party cannot be divested of his title, unless this requirement of the statute is observed. The advertisement in this case was clearly defective. It did not apprise the owner that his property would be sold for taxes. The sale for the taxes charged against the lots was unauthorized and void.

The plaintiff acquired no title to the lots by virtue of the sale for taxes. The judgment must therefore be reversed, and the cause remanded.

*Judgment reversed.*