NANCY J. TURNEY and WILLIAM A. TURNEY *et al.*, children of John Turney, deceased, who sue by their next friend, Appellants, *v.* ALEXANDER YOUNG, Appellee.

## APPEAL FROM JO DAVIESS.

If land is sold on execution, in the lifetime of the defendant, but after his death it is redeemed by a judgment creditor, it becomes the estate of the decedent, and the title is vested in his heirs at law. The proceeds of redemption from sale, are received by the officer as a first bid, to be advanced upon by others, the land remaining, as the property of the judgment debtor.

To divest the heirs, they must have notice of some proceeding against them, for such purpose.

The revival of a judgment against the administrator, does not create such a lien against the real estate of the deceased, as that a *fi. fa.* can issue for its sale.

THIS is an action of ejectment by the appellants· against the appellee, for the east or upper half of lot No. 5, between Main and Diagonal streets, commenced in the Jo Daviess Circuit Court, on March 9th, 1854.

The second trial resulted in a judgment for the defendant. From this judgment the plaintiffs below appeal to this court.

The bill of exceptions contains an agreed statement of facts, as follows:

1. That John Turney, the ancestor of the plaintiffs, was, on March 29th, 1842, and for several years prior thereto, the owner in fee of an undivided half of the lot aforesaid. Andrew Maurer being his co-tenant.

2. The plaintiffs are the only heirs of the said John Turney.

3. That the defendant, Young, was at the time of the commencement of the suit, and for six years prior thereto, in possession of the east or upper half of said lot.

4. The said Young has paid the taxes thereon.

5. November 19th, 1842, Stewart & Brown recovered a judgment against the said John Turney, for the sum of $128.47, in the Circuit Court of Jo Daviess county, which said judgment was in all respects regular.

6. On December 23rd, 1842, a regular execution was issued upon said judgment, and returned by order of plaintiffs unsatisfied, March 23, 1843. The said defendant being then sheriff of said county of Jo Daviess.

7. March 9th, 1844, the said John Turney died intestate, and on March 18th, 1844, administration was granted upon his estate to his widow, Nancy J. Turney, which administration remains unrevoked.

8. On March 29th, 1845, the following notice was served upon the said Nancy J. Turney:

To Mrs. Nancy J. Turney, administratrix of John Turney, deceased:

You are hereby notified, that in the lifetime of the said John Turney, William S. Stewart and Peter L. Brown recovered a judgment against him for one hundred and sixty dollars, debt, to be satisfied, with $128.47, damages and costs, at the October term, A. D. 1842, of the Jo Daviess Circuit Court, Illinois. Execution was issued thereon within one year thereafter, and returned unsatisfied, and the plaintiffs will apply for an execution thereon at the expiration of three months from the service of this notice, according to the statute in such cases made and provided.                                              A. L. HOLMES,

*Galena, March,* 18, 1845.                          *Attorney for Stewart and Brown.*

9. On June 30th, 1845, an execution issued upon the judgment aforesaid against the land and tenements of the said John Turney, deceased, which said execution was, on July 25th, 1845, levied upon the real estate in question, subject to the said widow's right of dower.

10. On August 20th, 1845, the said property was sold under said execution to Henry Clymo, and certificates of purchase issued to him in due form.

11. Clymo assigned his certificates of purchase to Orin Smith.

12. On March 29th, 1842, A. P. Gates recovered a judgment against said John Turney, for the sum of one hundred and sixty-one dollars and sixty-five cents. No execution issued upon this judgment within a year from its rendition. On September 7th, 1846, a *scire facias* issued, and was served upon the said Nancy J. Turney, administratrix, etc., reciting the amount of the original judgment as one hundred and eighty dollars and forty-six cents. Mr. Bradley, the clerk, swears that this was a mistake and points out how it occurred, and states at the same time that the judgment on March 29th, 1842, was the only judgment rendered in said court in favor of said Gates, against the said Turney. On October 27th, 1846, judgment of revivor was entered for the sum of one hundred and eighty dollars and forty-six cents. An execution issued on said revived judgment, on October 27th, 1846, which was levied upon the premises in controversy. Under this judgment and execution, there was a redemption from the sale, under the Stewart and Brown judgment, and the redemption money was received by Orin Smith, the assignee of the certificates of purchase as aforesaid. Duplicates of certificates of redemption were executed and delivered to Alexander Young, purchaser under the redemption sale.

13. On January 28, 1847, the sheriff of Jo Daviess county executed and delivered to Alexander Young, the defendant, a sheriffs' deed for the premises in controversy.

14. At the July term, 1846, a partition was had of the whole

lot in question, at the suit of Nancy J. Turney, and against Andrew Maurer and others, assigning to the heirs of the said Turney, the east or upper half of said lot No. 5, as hereinbefore described.

15. At the December term, 1850, of the Supreme Court, the said judgment in the case of Gates against Turney, Administratrix, was reversed and remanded for further proceedings. 12 Ill. R. p. 141, 142.

This is all the evidence in the cause.

The court found the issue for the defendant.

The plaintiffs moved for a new trial, which was overruled, and an exception taken.

The errors assigned are as follows :

1. The court erred in finding the issue for the defendant.

2. The court erred in overruling the plaintiffs' motion for a new trial.

3. The court erred in rendering a judgment for the said defendant, when by the laws of the land such judgment ought to have been for the said plaintiffs.

W. A. TURNEY, and R. S. BLACKWELL, for Appellants.

B. C. COOK, for Appellee.

BREESE, J. This seems to be a plain case. The sale under the Stewart and Brown judgment, was a valid sale, because execution had issued on the judgment in the lifetime of the defendant, and was a lien on the estate of decedent.

The notice to the administratrix was properly given, under the statute, and the sale under this execution was valid.

But from this sale, the property was redeemed, and it became, by that operation, the estate of the decedent, with the title vested in his heirs at law. It was then as if a sale of it had never been had. The party redeeming, obtained no right to the land, nor does he in any such case. He only obtains the right to have the land, as the property of his debtor, again exposed to sale on his judgment, and the redemption money is received by the officer as the first bid, and if any one advances upon that bid and is the highest bidder, the land is stricken off to him. In legal intendment, the land being all this time the property of the judgment debtor.

Thus then stands the case. The land was sold under a regular execution, as the property of John Turney, deceased. It was redeemed from this sale by consent of the purchaser, for there is no evidence that he objected, by which his right was yielded

up and reverted to the estate of Turney, deceased. The legal title was then vested in his heirs, who are parties here.

Now to divest them of their title, it is a first and overruling principle, that they must have notice of some proceeding directly against them, for such purpose. They have had no notice, and this leads us to the consideration of the effect of Gates' judgment, so called, and the sale of the land under it.

Was this judgment revived against the administratrix, such a judgment as created a lien on the real estate of the deceased, and on which a *fi. fa.* could issue to sell it ?

We think not. It is not declared by the statute to have that effect. It has no preference whatever over debts by simple contract, and can be paid, not by execution, by which a preference, in spite of the law, would be obtained, but is to be paid in due course of administration, like any other debt against the estate.

This was expressly decided by this court, in the case of *Turney v. Gates*, 12 Ill. R. 141, where that portion of this very judgment, authorizing this execution to issue, was reversed. We there say, that portion of the judgment awarding execution, was erroneous, but it was absolutely void, for the reason the court had no jurisdiction over the heirs to order a sale of their land, they never having been served with process of *sci. fa.*, and were, in no sense, parties to it. The judgment had ceased to be a lien upon the land of the deceased, the title to which was vested in the heirs at law, and the court had no authority to revive the lien they lost, and the attempt to do so, without notice to the heirs, and terre-tenants if there were any, or a proper appearance by them, was void for want of jurisdiction over their persons. No judgment is valid, if the court rendering it, has not jurisdiction of the *person*, as well as of the subject matter, and this, on principles of natural justice. No man is to be condemned without the opportunity of making a defense, or to have his property taken from him by a judicial sentence, without the privilege of showing, if he can, the claim against him to be unfounded.

The execution issuing upon this judgment therefore, gave the creditor no power to levy it on the real estate left by the deceased, the title to which, on his death, vested in his heirs at law, and they had no notice. The judgment, execution and sale, is, as to them, void.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*