# DAVID T. LITTLER

## *v.*

# THE PEOPLE *ex rel.* WILLIAM HARGADINE.

1. REDEMPTION — *right of* — *how must be exercised.* The right of redemption is statutory, and must be exercised in pursuance of the statute, otherwise it will be ineffective.

2. SAME — *by a judgment creditor* — *statute must be complied with.* The statute declares, that after the expiration of twelve months, and at any time before the expiration of fifteen months from the sale of the premises, any judgment creditor may redeem the same in a certain manner therein specified; and a judgment creditor seeking to acquire rights under this statute must comply substantially with all its requirements.

3. FORMER DECISIONS. *Phillips* v. *Demoss,* 14 Ill. 410; *Elkin* v. *The People,* 3 Scam. 207; *Robertson* v. *Dennis,* 20 Ill. 313; *McLagan* v. *Brown,* 11 id. 519, considered and explained. In the last case, the doctrine there announced, disapproved.

4. REDEMPTION — *when made by judgment creditor — payment must be made to the sheriff.* The statute requires, that when redemption is sought by a judgment creditor, the redemption money must be paid to the sheriff in whose hands the execution is placed, such sum being held as a bid upon the lands.

5. SAME — *payment to a person other than the sheriff, irregular.* And when, in such case, a judgment creditor paid the redemption money to the master in chancery, who made the sale; *held,* that the redemption was irregular; that payment should have been made to the sheriff, as required by law, and having been made to a person unauthorized to receive it, it could not be ratified by the sheriff, so as to make it effective.

6. SAME — *by a judgment debtor — to whom payment may be made.* But when redemption is sought by a judgment debtor, payment may be made to the master in chancery, who made the sale; or to any other officer of the law, who, by his official bond, is bound for such payment.

7. EXECUTION — *concerning issuance of — after death of judgment debtor — when there is no executor or administrator — quere — whether judgment should be revived.* Under the statute authorizing an execution to issue against the property of a deceased judgment debtor, without reviving the judgment, upon giving notice of the existence of the same, to the executor or administrator, *the inference would seem to be,* that, in case there is no executor or administrator, the judgment must be revived before execution can issue upon it.

APPEAL from the Circuit Court of Logan county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was a petition for a peremptory mandamus, filed in the court below by the relator, William Hargadine, the appellee here, to compel the appellant, David T. Littler, one of the masters in chancery of said court, for Logan county, to execute and deliver to appellee, a deed for certain lands, upon a certificate of purchase for the same, which he, Hargadine, then held, and which he had received from one J. C. Webster, then a master in chancery of said court, and the predecessor of said Littler, at a foreclosure sale of the same, made by the said Webster; said Hargadine claiming, that no redemption for the same had ever been made, and that the period for exercising that right had elapsed.

The record shows, that one Samuel B. Evans, claiming the right to redeem from the sale made to Hargadine, as a judgment creditor, did, within the statutory period allowed for redemption from the sale, cause an execution to be placed in the hands of the sheriff, but instead of depositing with him the redemption money, Evans paid the same to appellant, the master in chancery. And the question here presented is, whether such redemption was a compliance with the requirements of the statute.

The court below granted a peremptory mandamus, whereupon an appeal was taken to this court.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. PALMER & HAY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question arising on this record is, as to the regularity and legality of the redemption of the land sold under the decree in chancery, by a master in chancery. The offer to redeem was by a judgment creditor, and made after the expiration of twelve months, and within fifteen months from the sale by the master.

This right of redemption is statutory, and must be exercised in pursuance of the statute, otherwise it will be ineffective. The statute declares, that after the expiration of twelve months, and at any time before the expiration of fifteen months, from the sale, any judgment creditor may redeem the same in the following manner: Such judgment creditor shall sue out an execution upon his judgment, and place the same in the hands of the proper officer to execute the same, and thereupon said officer shall indorse upon the back of said execution a levy upon the lands or tenements which said judgment creditor may wish to redeem; and said judgment creditor shall pay to said officer, into whose hands he shall have placed his execution as aforesaid, the amount of money for which said premises may have been sold, with ten per cent per annum interest thereon,

from the date of such sale for the use of the purchaser thereof, his executors, administrators or assigns, upon payment of which, said officer shall file in the recorder's office of the county in which said lands are situated, a certificate of the redemption thereof, by said judgment creditor under said execution, and shall advertise and offer the same for sale under and by virtue of said execution, in the same manner that other lands are required to be advertised and exposed to sale on execution in other cases. § 14. And by section 15, the judgment creditor, having so redeemed such lands, shall be considered as having bid at such sale the amount of such redemption money so paid by him, and interest thereon from the date of such redemption to the day of sale, etc., providing also for advance bids on that of the redeeming creditor. Scates' Comp. 607, 608.

It is contended by appellant, that it is the policy of the law to favor redemptions, and courts will look to the substance rather than to the form, citing *Philips* v. *Demoss*, 14 Ill. 410; *Elkin* v. *The People*, 3 Scam. 207; *McLagan* v. *Brown*, 11 Ill. 519, and *Robertson* v. *Dennis*, 20 id. 313.

We have examined these cases, and the first cited simply decides, that a party may confess a judgment after failing to redeem in twelve months, for the purpose of enabling such judgment creditor to redeem within fifteen months, and such judgment creditor has a right to redeem under the statute, and this was where a creditor first obtained his judgment before a justice of the peace, had an execution issued which was returned *nulla bona*, although the defendant had sufficient personal property to satisfy the execution, which was known to both the creditor and the constable; and, after such return, the creditor filed a transcript of the judgment in the circuit clerk's office, and sued out an execution thereon, by virtue of which he, as a judgment creditor, redeemed the lands previously sold, this court holding that the constable's false return to the execution did not vitiate the redemption so made.

Elkins' case decides, that the defendant, whose land has been sold on execution, may pay the redemption money to the officer who sold the same, whether in or out of office at the time of

redemption, and it is the duty of the officer to receive it, and his sureties are liable for the money if paid after the expiration of his official term. This has no reference to a redemption by a judgment creditor after the twelve months have expired.

McLagan's case goes to the effect of redeeming, and holds that a judgment creditor who redeems from a prior sale acquires a valid title to the premises redeemed, even though the judgment, by virtue of which he acquired the right to redeem, has been subsequently reversed.

The doctrine of this case has not been acquiesced in by subsequent decisions of this court. *Turney* v. *Turney*, 22 Ill. 253; *Williams* v. *Tatnall*, 29 id. 553.

The case of *Robertson* v. *Dennis* merely reiterates the doctrine in Elkins' case, and, though, as said in Robertson's case, the statute is remedial in its character, and must be construed liberally, so as to advance the remedy, it does not intimate, that, in order to that, its plain provisions must be disregarded.

But the appellant says, even if the law be that the redemption could only be made by the payment of the money to the sheriff, here the deputy sheriff told the judgment creditor, that the master was the proper person to receive the redemption money, and thereupon he paid it to the master, and the sheriff immediately ratified the act, by levying and proceeding to sell, as in the case of redemption. The law knows of no such proceeding. The sheriff was in no position, nor had he any authority, to ratify the unauthorized act of either of these persons. He was the only person competent, under the law, to receive the money, as otherwise he could not recognize it as a bid. He becomes a bidder for the land to the amount he has paid to the sheriff, in whose hands the execution is, and the land must be exposed to sale with this bid upon it, and if any one advances on the bid, he becomes the purchaser.

Nor does a single fact in the record show, that the master acted as the agent of the sheriff in receiving the money. The fact is undeniable, that he received it as master, under a supposed right so to receive it.

Appellant's counsel contend, that the payment of the

redemption money to the master, who made the sale, or to any officer of the law who, by his official bond, is bound for it, is always good payment.

This is true, as the cases cited show, when the person redeeming is the judgment debtor. It is right and just, on paying his debt, his land should be restored to him; but not so with a judgment creditor, seeking to get satisfaction for his debt. He is entitled only to become a competitor with others for the purchase of the land, and then only on the condition, that he places his bid in the hands of the officer who has charge of the execution, and in advance of all others. These are the terms on which the law gives him the privilege. He cannot be a bidder, the execution being in the hands of the sheriff, and the amount of the bid in the hands of a stranger to the proceeding. Nor could the sheriff, as he did not in this case, indorse upon the execution a levy upon this land, which the judgment creditor wished to redeem; nor did he file in the recorder's office of the county a certificate of the redemption thereof by the judgment creditor under his execution; all which the statute requires, but which the sheriff was incapable of doing, for the reason, that the money was not paid to him. The judgment creditor was in no sense in the position the statute requires him to be. As this court said in the case of *Stone* v. *Gardner*, 20 Ill. 309, which was a case where the judgment debtor attempted to redeem by depositing the money with the clerk of the court out of which the execution issued, that officer was not the proper person with whom to deposit money for such purpose. The redemption money could be paid to the deputy sheriff, or to the administrator of a sheriff, if he was dead; or, it might be paid to the purchaser himself, clearly recognizing any serious departure from the statute, remedial as it may be, fatal to the redemption. In this case the judgment creditor might with as much propriety have paid the money to the clerk of the court. It would have been, to the same extent, a bid in his hands, as in the hands of the master.

A point is made by appellee, that the execution, under which

13 — 43D ILL.

this creditor sought to redeem, was void, it having been issued after the death of the judgment debtor, and without any notice to his executor or administrator.

The answer to this is, as made by appellant, and as the agreed facts show, that the deceased debtor had no executor or administrator.

The statute on this subject is this: " Whenever a judgment has been, or may hereafter be, obtained, in any court of record of this State, against any person or persons who has or shall, after the rendition of said judgment, die, execution may issue against the lands and tenements of the deceased, without first reviving the judgment against their heirs or legal representatives; provided, the plaintiff in the execution or his attorney shall give to the executor or administrator, if there be any, of said deceased person, at least three months' notice in writing of the existence of the judgment before the issuing of the execution; provided, further, that no execution shall issue until after the expiration of twelve months from the death of such deceased person." Scates' Comp. 610.

The inference from this would seem to be, if there is no executor or administrator, then the judgment must be revived against the heirs. To this effect is the case of *Scammon* v. *Swartwout,* 35 Ill. 326.

At the common law, the execution would be void, unless there be an executor or administrator who can be served with notice. There being no such representative of the deceased, it would seem, the judgment should be revived against his heirs before an execution could issue. *Pickett* v. *Hartsock,* 15 Ill. 279; *Brown* v. *Parker,* id. 307. But it is unnecessary to express any opinion on this point, as we hold that the redemption was not regular even if the execution was valid.

On the facts agreed, we are of opinion the judgment creditor, Evans, did not comply with the statute by paying the redemption money to the master in chancery who made the sale, the law requiring it to be paid to the sheriff in whose hands the execution is placed, and is there as a bid on the land. It is but right and just, that a party seeking to acquire rights under

this statute, should take care to comply substantially with all its requirements. There is no hardship in this, nor is there safety without it. The Circuit Court decided correctly in awarding a peremptory mandamus to the master to make a deed for the land to the relator, and the judgment must be affirmed.

*Judgment affirmed.*