## AUGUSTUS CORAN & CO.

### *v.*

## LIZZIE W. PITTENGER.

1. JUDGMENTS AND EXECUTIONS—*death of judgment debtor—mode of proceeding—construction of the statute.* In case of the death of a judgment debtor, and there be no administrator or executor appointed upon whom notice can be served, as required by the statute in force in 1872, then, in order to authorize the issuing of an execution for the sale of land upon which the judgment had become a lien, the judgment should first be revived by *scire facias.*

2. The fact that the judgment debtor had sold and conveyed the land in his lifetime, but subsequent to the judgment, in no way dispenses with the necessity of giving the notice required by the statute, or, if that can not be done, to revive the judgment.

3. The act of 1877 does not differ materially from the former statute on this subject, except it provides that the notice may be served upon the heirs in case there be no executor or administrator.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. SILAS L. BRYAN, for the appellants:

The statute now in force provides that it shall not be necessary to revive a judgment against the estate of a deceased person before execution is issued. See statute of 1877, p. 599.

This statute was intended to change and has changed the common law on this subject.

There is a provision, in case the lands were in the hands of the defendant at his death, that his administrator or executor, if any, shall be notified, and if no administration, then the heirs must be notified. But the agreed facts in this record show that Wright, the defendant in the judgment, conveyed the lands, by deed, to appellee long before his death, and hence she took them subject to the lien of this judgment of appellants.

The law does not require that purchasers shall be notified, but provides that it shall not be necessary to revive as against purchasers.

Messrs. CASEY & DWIGHT, for the appellee:

We submit that under the facts in this case the execution, levy and sale were without authority of law, and that the deed relied on by appellants was null and void. See Gross' Stat. 1869, sec. 44, p. 384; Gross' Stat. 1872, sec. 92, p. 222; Rev. Stat. 1874, sec. 39, p. 626.

We further refer to the following cases decided by this court as settling this question: *Clingman et al.* v. *Hopkie,* 78 Ill. 152; *Littler* v. *The People, etc.* 43 id. 188; *Laflin* v. *Herrington et al.* 16 id. 301; *Pickett* v. *Hartsock,* 15 id. 279; *Brown* v. *Parker,* id. 307; *Scammon et al.* v. *Swartwout,* 35 id. 326.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellants to recover certain lots in Centralia, in the county of Marion. On the trial of the cause in the circuit court the issues were found against appellants, and judgment rendered against them for costs.

The case was submitted upon an agreed statement of facts, as follows:

"It is agreed that on the 18th day of March, 1868, Edward M. Wright was the owner and seized of the premises, except lot 4, in block 105, Railroad addition to Centralia, Ill., in plaintiff's declaration mentioned, and that on said day Augustus Coran, Wm. Holtzworth, Edward B. Gundrum, composing the firm of Augustus Coran & Co., obtained a judgment in the circuit court of Marion county, Ill., against Wright for $383.03, with costs of suit.

"An execution was issued against said Wright, claimed to have been issued on the said judgment, bearing date May 26, 1868, and was returned *nulla bona;* but defendant objects and reserves the right to object to said execution as evidence in this cause, because it does not follow the judgment. The execution was in the usual form, dated May 26, 1868, and returned

no property, and commanded the sheriff of Marion county to make of Edward M. Wright $383.03, in favor of Augustus Coran & Co.

"That said Edward M. Wright, for a valuable consideration, on the 1st of March, 1869, conveyed the lands in dispute to those under whom defendant holds by regular chain of conveyance, defendant and those under whom she holds having paid a valuable consideration for the same in good faith.

"That said Edward M. Wright departed this life intestate on the 10th day of September, 1869, leaving surviving him Levina Wright, his widow, residing in Marion county, Illinois, where she still resides; also leaving brothers and sisters, then and now living in Illinois.

"That there was no administration on the estate of said Wright.

"That an execution issued from the office of the circuit clerk in said county on the 19th of June, 1872, in the name of A. Coran & Co., and against said Wright. The execution was in the usual form, in favor of A. Coran & Co. and against Edward M. Wright, and issued on the same original judgment.

"Levy was indorsed on the execution on the lands in dispute, and sale by sheriff on the 20th day of July, 1872.

"The execution was satisfied by purchase of the lands by the plaintiffs; but the execution was objected to because it did not follow or conform in parties and otherwise to the judgment.

"No proceeding by *scire facias*, or notice to the heirs of said Wright, was had or done previous to issuing said last execution.

"Appellant took a deed after fifteen months, which was evidence in the cause."

Under the facts there is but one question presented, and that is whether appellants acquired title to the property under the sale on the execution issued after the death of Edward M. Wright, against whom the judgment was rendered.

This question depends upon the construction to be given to

sec. 44, chap. 57, Gross' Stat. 1869, which was in force at the time the sale was made. It provides: Whenever a judgment has been or may hereafter be obtained in any court of record in this State against any person or persons who has or shall, after the rendition of said judgment, die, it shall be lawful for execution to issue against the lands and tenements of said deceased person or persons, without first reviving the judgment against their heirs or legal representatives: *Provided, however,* the plaintiff or plaintiffs in execution, or his or their attorney, shall give to the executor or administrator, if there be any, of said deceased person or persons, at least three months' notice in writing of the existence of said judgment before the issuing of execution: *And provided, further,* that no execution shall issue until after the expiration of twelve months from the death of such deceased person or persons.

The construction of this statute has been before this court in previous cases, and in *Pickett* v. *Hartsock*, 15 Ill. 279, *Brown* v. *Parker*, id. 307, *Scammon* v. *Swartwout*, 35 id. 326, *Littler* v. *The People*, 43 id. 190, and *Clingman* v. *Hopkie*, 78 id. 152, it was held that where an execution issued contrary to the requirements of the statute, and a sale of real estate made under the execution, no title passed, and the sale was void. In this case, as it appears from the facts, the judgment debtor died before execution was issued under which the sale was made, and no letters of administration were taken out upon the estate. The three months' notice provided by the statute to be given the administrator before an execution could issue, could not be given; but the judgment might have been revived by *scire facias* against the heirs, and in this mode a valid sale might have been made.

In *Brown* v. *Parker, supra,* it was held that where either party dies before execution issues, the judgment must be revived by *scire facias,* or an execution must be sued out in the mode prescribed by the statute.

The legal conclusion from that decision would seem to be, that where no administrator had been appointed, and the lat-

ter course could not be pursued, the former was the only mode left under which a valid sale could be made; and this seems to be the doctrine of *Littler* v. *The People* and *Scammon* v. *Swartwout, supra.*

The fact that Wright had conveyed the land before his death, in no manner affected the question, as supposed in the argument. The right to sell lands on execution is given by statute, and must be controlled by the statute; and where there is a substantial departure from its plain provisions, no rights can be acquired. If there had been a statute authorizing a sale, where the judgment debtor had conveyed, without notice or without reviving the judgment, then, doubtless, appellants would have been protected; but no such statute existed, and we are aware of no law that sanctioned the proceedings, and if we are correct in this position no rights were acquired by virtue of the sale.

Our attention has also been called to sec. 39, chap. 77, statute of 1877, p. 599, as bearing on the question that it is not necessary to revive a judgment. This section does not differ materially from the statute on the same subject in force when this sale was made, except it provides that notice may be served upon the heirs in case there is no executor or administrator of the deceased.

The judgment of the circuit court was in conformity to the views here expressed, and it will be affirmed.

*Judgment affirmed.*