## Oscar M. Meusel, Appellant, v. Ernest W. Bock et al., Appellees.

## Gen. No. 29,377.

1. CREDITORS' SUITS—*valid judgment lien as prerequisite to sale in equity to satisfy judgment.* The equitable relief of a sale of real estate to satisfy a judgment in favor of complainant will not be granted in the absence of a valid judgment lien had by complainant on the real estate.

2. JUDGMENTS—*cessation of lien on real estate for failure to issue execution within year.* Under the provisions of section 1, ch. 77, Cahill's Ill. St., where no execution was issued on a judgment within one year from the date of the judgment, the lien on real estate ceased until such time as a valid execution might issue.

3. EXECUTIONS—*validity of execution issued within year of judgment debtor's death.* An execution on a judgment issued in less than one year from the death of the judgment debtor was void under section 39, ch. 77, ¶ 40, Cahill's Ill. St.

4. CREDITORS' SUITS—*necessary parties to suit in equity to sell real estate to satisfy judgment.* In a suit asking that certain real estate be sold to satisfy a judgment in favor of complainant, a minor heir of the judgment debtor to whom descended an undivided portion of the estate, the trustee in a trust deed executed by the title owner of the property and also the holders of notes secured by the trust deed were necessary parties and in their absence the court had no jurisdiction to enter a decree in compliance with the prayer of the bill.

5. JUDGMENTS—*necessity that decree follow case made by bill.* Where a bill for the sale of real estate claimed to be subject to the lien of a judgment does not seek any relief based upon the existence of any interest in the wife of the judgment debtor, a decree could not be based upon such an interest even if the evidence disclosed that one existed.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Affirmed. Opinion filed October 20, 1924.

BENJAMIN F. J. ODELL, for appellant.

LITSINGER, HEALY & REID, for appellees.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from a decree dismissing for want of equity complainant's bill filed November 4, 1920, in which he asked that certain real estate, title in Ernest W. Bock, be sold to satisfy a judgment in favor of complainant which he claimed was a lien on the premises.

It is the established rule that the equitable relief sought by complainant's bill will not be granted in the absence of a valid judgment lien had by complainant on the real estate. *Newman v. Willetts,* 52 Ill. 98; *Weis v. Tiernan,* 91 Ill. 27.

Did complainant have such a lien? The evidence before the court showed that on November 26, 1913, a judgment for $294.50 was rendered in the municipal court of Chicago in favor of Oscar M. Meusel, the complainant here, against John D. O'Neill and Mary O'Neill, his wife. Paragraph 1, ch. 77, Cahill's Ill. St., provides that when execution is not issued on a judgment within one year from the time the same becomes a lien, it shall thereafter cease to be a lien although execution may be issued at any time within seven years, and shall become a lien from the time it is delivered to the sheriff or other proper officer. No execution was issued within one year after this judgment, so that on November 25, 1914, the lien of the judgment ceased until such time as a valid execution might issue within the statutory period of seven years.

December 3, 1914, John D. O'Neill, the judgment debtor, died leaving a widow and children. Section 39, ch. 77, ¶ 40, Cahill's Ill. St., provides that when a person shall die after the rendition of a judgment for the payment of money against him, no execution shall issue or sale be made until after the expiration of twelve months from the death of such deceased person. An execution on this judgment was issued March 22,

1915, which was a little over three months after O'Neill's death. This execution was in clear violation of the provisions of the statute and void. This would seem so obvious as to require no argument. Under similar circumstances such an execution has been held to be void, with citation of numerous supporting cases, in *Augustus Coran & Co. v. Pittenger,* 92 Ill. 241; and *Kinkade v. Gibson,* 209 Ill. 246.

July 15, 1918, the defendant Bock purchased the property from John Cunningham, in whose name it was then registered under the Torrens System. At this time there was registered on the property a contract of purchase dated May 16, 1905, between John O'Neill and Cunningham, and a transcript of the Meusel judgment. It is not clearly shown that O'Neill had any other interest in the premises than the right to purchase under this contract, but even if he had an interest which might be subjected to the lien of a judgment, the Torrens certificate showed that no valid lien existed at the time defendant Bock purchased from Cunningham.

Complainant has not made certain parties defendant who were necessary parties, namely, one of the minor heirs of John O'Neill, to whom descended an undivided portion of his father's estate; also Thomas J. Healy, the trustee in a trust deed executed by Bock conveying the property as security for a loan; also the owners and holders of the notes secured by said trust deed. In the absence of these necessary parties, the court had no jurisdiction to enter a decree in compliance with the prayer of the bill. *Johnson v. Huber,* 134 Ill. 511, 515.

Complainant in his brief suggests that even if John O'Neill's interest was not subject to the lien of the judgment it was a lien against the interest of his wife Mary. The record fails to disclose that Mary O'Neill had any interest in the contract with Cunningham. Furthermore, complainant's bill does not seek

any relief predicated upon the existence of any interest in the premises in her. The complainant must recover on the case made by his bill, and in the absence of averments in the bill touching the interest of Mary O'Neill there can be no decree with reference thereto even if the evidence disclosed that she had an interest. *Reed v. Reed*, 135 Ill. 482; *Stearns v. Glos*, 235 Ill. 290.

For the reasons above indicated we hold that the decree of the circuit court is proper and it is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.