# HENRY A. EWING *et al.*

*v.*

# HENRY G. AINSWORTH.

1. JUDGMENT LIEN—*its territorial extent.* A judgment can not become a lien upon lands of the debtor, situate in any other county than that in which it was rendered.

2. LIEN OF A LEVY *in a foreign county—its duration.* Where an execution issued to a foreign county is there levied upon real estate, the lien of the levy will not continue beyond seven years from the last day of the term at which the judgment upon which the execution was issued was obtained, that being the duration of the lien of the judgment in the county where it was rendered.

3. REDEMPTION *from a mortgage—by a judgment creditor.* After the recovery of a judgment, the debtor executed a mortgage upon land owned by him, and situate in a foreign county. Subsequent to the making of the mortgage, the judgment creditor sued out an execution to the county in which the mortgaged premises were situate, which was levied upon the land and a certificate of levy filed for record. A foreclosure was afterwards had without making the judgment creditor a party, and after such delay that his lien under the levy was lost, he sought to sell the premises under a *venditioni exponas.* Upon bill filed to enjoin such sale, and cross bill by the judgment creditor to redeem, it was *held,* that, having lost his lien, he had no right of redemption, and could not, therefore, complain of any terms upon which he was permitted to redeem.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. BRIER & BIRCH, for the plaintiffs in error.

Mr. W. H. HANNA, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the nineteenth of April, 1858, one Alberry executed to the appellee, Ainsworth, a mortgage on a tract of land in McLean

county, already subject to a deed of trust which Alberry agreed to pay. Ewing and others, the plaintiffs in error, had obtained a judgment against Alberry in January, 1858, in the circuit court of Cook county, and on the twenty-eighth of May, 1859, an execution upon said judgment was levied on the mortgaged premises by the sheriff of McLean county, and a certificate of levy filed for record on the same day. Ainsworth foreclosed his mortgage in 1860, without making the plaintiffs in error parties, and in due time obtained a master's deed and paid off the deed of trust, which was the oldest incumbrance. On the eighteenth of August, 1865, a *venditioni exponas* was issued from Cook county to the sheriff of McLean, under which the sheriff advertised the mortgaged premises for sale. Ainsworth then filed a bill to enjoin the sale, to which the plaintiffs in error answered and also filed a cross bill, claiming the right to redeem from the sale under the foreclosure, and asking for an account of rents and profits. The court rendered a decree refusing to require Ainsworth to account for rents and profits, and enjoining the sale until the plaintiffs in error should pay Ainsworth the amount bid by him at the mortgage sale, and also the amount paid by him in redeeming from the deed of trust. To this decree the judgment creditors have prosecuted a writ of error.

From the foregoing statement it is apparent the plaintiffs in error have no grounds for complaining of this decree. They have no right of redemption on any terms, and therefore can not object to such terms as the complainant, in his original bill, thought proper to offer, and the court to decree. The judgment in favor of plaintiffs in error having been rendered in another county, was itself not a lien upon the land. The levy became a lien as soon as it was recorded, but it would be unreasonable to hold such a lien could continue after the lien of the judgment itself upon land situate in the county of its rendition had expired. This was substantially decided in *Riggin* v. *Mulligan,* 4 Gilm. 51. In that case, as in this, there had been a levy on real estate, and more than seven years from the

30—53RD ILL.

rendition of the judgment, a *venditioni exponas* was issued upon said levy as in this case. The court held the lien was lost with the expiration of the seven years. Of course no additional duration can be given to the lien of the levy, where it is made in a foreign county. We also held in *Tenney* v. *Hemenway, ante* 97, that the lien of the execution depended on that of the judgment, and could not be prolonged, by a levy, beyond the seven years. In this case more than seven years had elapsed between the last day of the term at which the judgment was rendered, and the issue of the *venditioni ;* and under any view which can be taken, there was no lien upon the mortgaged premises, and no right to redeem.

*Decree affirmed.*