SALOME WEIS *et al.*

*v.*

HUGH TIERNAN.

1. CREDITOR'S BILL—*judgment must be a lien, to avoid fraudulent conveyance.* The issuing of an execution upon a judgment within one year after its rendition, is indispensable to the right of the creditor to maintain a bill to set aside a fraudulent conveyance of land, and subject the same to sale in payment of the judgment. Without this the judgment is no lien on real estate,— and a lien is essential to the right to maintain the bill.

2. EVIDENCE—*to prove judgment.* The record of the court, if in existence, is the only competent evidence to establish the fact of the recovery of a judgment, and secondary evidence is not admissible until the destruction of the record is shown.

3. SECONDARY EVIDENCE—*proof of destruction of original evidence.* The loose statement of a party that he had heard the records of a court were destroyed, or, had read it in a newspaper, is not sufficient to admit secondary evidence of a judgment. If the records have been destroyed, the fact may be proved by any person who knows the fact.

4. EXECUTION—*after seven years.* An execution issued on a judgment after seven years from its rendition and levied on land, where no execution has been issued within a year, is unauthorized, unless the judgment has been revived by *scire facias,* and such execution may be avoided, and the certificate of levy under it will form no basis for a lien under such judgment.*

5. SAME—*levy when no lien.* The lien of a levy where an execution issues to a foreign county and is levied on land, will not continue beyond seven years from the last day of the term of the court at which the judgment was recovered.

APPEAL from the Circuit Court of Lake county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Mr. JAMES B. WELCH, and Messrs. HAINES & TRIPP, for the appellants.

Mr. W. S. SEARLS, for the appellee.

---

*See *James* v. *Wortham et al.* 88 Ill. 70, and note referring to the recent statute.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Hugh Tiernan in the circuit court of Lake county, against Salome Weis and others, to remove an alleged fraudulent deed made to Salome Weis by one Wadsworth on the 25th day of October, 1860, in which certain lands were conveyed to her. It is alleged in the bill that at the September term, 1860, of the Superior Court of Chicago, the complainant in the bill, Hugh Tiernan, recovered a judgment in said court against Frederick Weis for the sum of $331.60 and costs of suit; that immediately after obtaining the judgment, an execution was issued and delivered to the sheriff of Cook county, which was returned *nulla bona*. It is also alleged in the bill, that at the time of the rendition of the judgment and the issuing and delivery of the execution and the return thereof, Frederick Weis was the equitable owner of a large interest in real estate in the city of Chicago, the description of which is unknown to complainant; that afterwards, and on the 25th day of October, 1860, Weis sold and exchanged his interest in the real estate in Chicago to one E. S. Wadsworth, for two hundred acres of land in Lake county, which is described in the bill; that at the time of said purchase Frederick Weis was the husband of Salome Weis, and that he caused the deed of the Lake county lands to be made to his wife; that at the time said deed was made Frederick Weis was largely indebted to sundry persons and to the complainant; that he caused the deed to be made to his wife for the purpose of cheating and defrauding his creditors and especially the complainant; that the wife at the time knew her husband was largely indebted, and that she took the conveyance for the purpose of assisting her husband in placing his property beyond the reach of his creditors; that from the time of the purchase to the filing of the bill, Frederick and Salome Weis have resided upon the premises as a homestead, and the property is of the value of $7000.

It is also alleged in the bill that complainant has caused *alias* execution to be issued on said judgment to the sheriff of Lake county, which was returned *nulla bona*; that on the 19th day of May, 1869, a *pluries* execution was issued to the sheriff of Lake county, which still remains in his hands; that the sheriff, on or about the 6th day of August, 1869, levied upon said lands. The bill concludes with a prayer that a decree be entered declaring the title to the lands in Frederick Weis, that the deed to Salome Weis be set aside, and that the land be subjected to sale in satisfaction of complainant's judgment.

On the 20th day of April, 1870, Frederick Weis died, and his heirs were made parties to the bill. They and Salome Weis put in their answers to the bill, in which all the material allegations were denied. A replication having been filed, the court, upon a hearing on the pleadings and the evidence, rendered a decree substantially as prayed for in the bill, to reverse which this appeal was taken.

The bill in this case was filed on the 12th day of August, 1869, about nine years after the judgment was alleged to have been rendered and the fraudulent conveyance alleged to have been made, and the main inquiry presented by the record is, whether the decree granting the relief prayed for in the bill is sustained by the testimony introduced on the trial. Under the issues made by the pleadings it devolved upon the complainant to prove a judgment, the issuing of an execution within a year from the rendition of the judgment, a return thereon of *nulla bona,* that an *alias* execution was issued to the sheriff of Lake county which was returned *nulla bona,* and that a *pluries* execution was issued and levied on the land, as alleged.

The record does not show that a judgment or the copy of a judgment of any court was offered in evidence, nor was it proven by any person who had ever seen the record of a judgment and knew the fact that one had been rendered in the case.

The complainant testified he obtained a judgment in some of the courts of Cook county against Weis, but the date or amount of it he can not give. About all he seems to know about it is, that he held a note against Weis, which he gave to Judge Blackwell to sue, and he paid him to get a judgment, and supposed one was rendered. As to the destruction of the record of the judgment, all he knows on that subject is, he " heard the records were burned,—he read it in the news-papers." In regard to an execution having been issued within a year from the rendition of the judgment, the only proof upon that point was the evidence of the complainant, and the sub-stance of his evidence was as follows :

" Q. What is your best impression on the subject? A. My impression is that I got an execution there ; I couldn't be quite certain, but the execution I got either there or here ; the execution I got, any way.

" Q. I am asking you about the execution issued in Cook county to the sheriff of Cook county. A. I think I got one there, I am not certain ; I wouldn't swear positive,—it is im-possible from recollection ; my impression is I got the execu-tion there."

In regard to proof of judgment, the record of the court in which the judgment was rendered was the only competent evidence to establish the fact, if the record was in existence ; if not in existence, then secondary evidence of the contents of the record might be resorted to, but secondary evidence was not admissible until the fact that the record of the judg-ment had been destroyed was proven. This fact was not estab-lished. The loose statement of the complainant that he had heard the records in Cook county were destroyed, or had read it in a newspaper, was not sufficient. If the record had been destroyed by fire or otherwise, that fact could have been easily proven by calling the officer who has the custody of the records, or any person who knew the fact.

In regard to an execution having been issued within a year, as alleged, that fact was not proven. The complainant thinks

he had an execution issued to the sheriff of Cook county, but of this he is not certain; but if one was issued at all to the sheriff of Cook county, it is mere conjecture that it issued within a year and a day from the rendition of the judgment. The proof upon this subject is entirely too vague and uncertain. It would be a dangerous precedent to hold that the title to real property rested on a tenure so slight that it could be resisted by such proof as was relied on upon this point in the case.

The proof that an execution issued within one year from the rendition of judgment was indispensable. The right to maintain the bill depended upon such proof, and we are aware of no authority upon which the bill could be maintained without such evidence. The bill could not be sustained if the judgment was not a lien upon the land, and no lien would exist unless an execution had been issued within a year. This is the doctrine of *Newman* v. *Willetts*, 52 Ill. 98, where a bill like the one under consideration was filed, in which it was said, " If a party has no lien on the land alleged to be fraudulently conveyed, such conveyance can do him no injury. The record in this case fails to show that complainant had a lien on this land, no execution having been issued within one year from its date. The presumption of law is, that the judgment was paid, and to enable the complainant to issue an execution the judgment would, necessarily, have to be revived by *scire facias.*"

Under the decision cited, if it be conceded, which we do not, that the certificate of levy filed by the sheriff of Lake county on the 6th day of August, 1869, was competent proof of the contents of a judgment or execution, the execution therein referred to having been issued on the 19th day of May, 1869, more than seven years after the rendition of the judgment, and no execution having been issued within one year from the rendition of the judgment, the execution was unauthorized, unless the judgment had been revived by *scire facias*, as held in the case cited. The execution issued in 1869

was liable to be quashed on motion. It was unauthorized and voidable, and the certificate of levy filed by the sheriff of Lake county by virtue of the levy under the execution could form no basis for a lien under which the lands could be sold on complainant's judgment. The lien of a levy, where an execution has been issued to a foreign county and a levy made on lands, will not continue beyond seven years from the last day of the term of court at which judgment upon which execution issued was obtained. This question was expressly decided in *Ewing* v. *Ainsworth*, 53 Ill. 464. The levy in 1869 not having been made until after the expiration of the time in which the certificate of levy might have become a lien on the lands, no lien whatever was acquired by the complainant by virtue of the certificate filed. As the judgment set out in the bill, therefore, was no lien on the lands, independent of other questions the decree was not warranted by the evidence.

The decree must be reversed and the cause remanded.

*Decree reversed.*