Wiemers v. Cole, 157 Ill. App. 599.

---

## Clara B. Wiemers, Appellee, v. John Cole, Appellant.

## Gen. No. 5362.

VERDICTS—*when set aside as against the evidence.* A verdict not supported by any evidence in the cause will be set aside on review.

Action commenced before justice of the peace. Appeal from the County Court of Lake county; the Hon. DeWitt L. Jones, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

CHIPMAN & JACKSON, for appellant.

ARTHUR BULKLEY and COOKE, POPE & POPE, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Clara B. Wiemers brought this suit before a justice of the peace of Lake county against John Cole to recover one half the amount of money which she claimed to have paid for costs and for printing, in two cases in the Supreme Court; and obtained a judgment, from which Cole prosecuted an appeal to the County Court of said county, where a trial resulted in a verdict for Clara B. Wiemers for $135. A motion for a new trial was overruled, judgment was entered on the verdict and Cole prosecutes this further appeal.

In one of the cases in the Supreme Court, the parties to this suit were joint appellants, and in the other, they were defendants in error with Rose A. West, George H. Brean and Frank Grost. The appeal suit was from a judgment on a special assessment for sale of a lot owned by appellant and of four lots owned by appellee. The writ of error was to review the judgment of the county court in sustaining objections to a judgment for sale on the first installment of the assessment above mentioned.

The evidence showed that appellee paid for a transcript in the County Court, costs in the cases in the Supreme Court, and for printing abstracts etc. To establish appellant's liability for one half the costs of the suits in the Supreme Court, appellee introduced in evidence, over appellant's objections, what purported to be typewritten copies of executions, but there was no proof that they were copies of executions. Had they been executions, they would not alone have been proof, competent to establish appellant's liability for such costs, as the records of the judgments rendered, or certified copies thereof were necessary to establish such liability. Weis v. Tiernan, 91 Ill. 27; Hurd's R. S., sec. 13, chap. 51, 1908. There was no proof warranting secondary evidence. There was no proof of the judgments nor that they had been sat-

isfied, nor that in the writ of error the other defendants had not contributed their share of the costs, nor that they were insolvent. The proof did not establish appellee's liability for any portion of the judgment covering the costs in the Supreme Court, and, had such liability been established, there was no proof of the proportion of the costs that appellant was liable to pay.

Appellee could only enforce contribution of half the costs of the transcript in the County Court, and the expense of printing in cases in the Supreme Court, by showing that she had an agreement with appellant to pay half the same, as they could not be construed as a common burden. Hayes v. Morrison, 38 N. H. 90. As to whether there was such a contract, the evidence was conflicting, there being evidence in support of appellee's contention that there was, and proof in support of appellant's contention that there was not. As this case must be tried by another jury, we refrain from expressing an opinion as to where the preponderance of the evidence was.

The bill for printing introduced in evidence amounted to $160.25, and the proof shows that appellee had four suits pending in the Supreme Court at the same time, in which printing was done by the same firm. There was evidence by appellee's own witnesses that some of the charges in the bill were for printing in cases other than those in which appellant was interested, and the charges for printing in those cases to which he was a party were not clearly identified. Therefore, it cannot be determined what items of the bill were included in the verdict, or that some charges for work done in other cases than those in which appellant was interested were not included therein.

As the judgment is not supported by the evidence, it is reversed and the cause remanded.

*Reversed and remanded.*