DENTLER, Claimant, &c. *v.* THE STATE.

The motion of a prosecuting attorney, under the statute of 1835, for judgment that the title to a lot or tract of land be vested in the state for the non-payment of taxes, will not be granted, unless it appear, *inter alia,* that notice of the motion has been published conformably to the statute.

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—It is stated by the record of this cause, that at the *May* term of the *Marion* Circuit Court, 1836, and on the sixth day of the term, the prosecuting attorney filed a list of the lands and lots in the county, on which the taxes for the year 1832 had not been paid. In this list, lot number six in square 51 is described. The school commissioner's certificate,

attached to the list, states—that the list contains a correct de-
scription of the lands and town lots on which the taxes remain
unpaid, and that the list was advertised in the *Indiana Jour-*
*nal*, and by printed advertisements attached to the court-house
door in *Indianapolis*, for four weeks before the *May* term of
the Circuit Court in 1836.

It is stated that the prosecuting attorney, on the sixth
day of that term, made a motion founded on this list of lands
and lots, that lot number six mentioned in the list, and there
described as the property of a person unknown, should vest in
the state.

It is also stated that the Court, being satisfied that all the
proceedings required by law in relation to the lot had taken
place, adjudged and decreed that the lot should vest in the
state, for the use of common schools in *Marion* county.

Since the rendition of that judgment, *William Dentler* has
filed an affidavit stating that the lot belongs to him, and has,
as a party injured by the judgment, sued out a writ of error.

The statute of 1832 requires, that the collectors of revenue
shall annually deliver to the school commissioners, a descrip-
tion of the lands and lots on which the taxes are unpaid, and
that if any of the lands are not redeemed for three years, the
same may, to increase the school fund, be sold in such manner
as the legislature shall prescribe. Acts of 1832, page 264.
The statute of 1835, in furtherance of that of 1832, directs the
manner in which the commissioner must proceed in order to
have the title of the unredeemed lands or lots vested in the
state. It is required, among other things, that a list of the
lands be advertised, and that the notice thus given express that
unless the taxes, &c. be paid before the next term of the Cir-
cuit Court, a motion will be made for a judgment that the
lands be vested in the state. Acts of 1835, page 37.

As this is a summary and *ex parte* proceeding, the greatest
strictness on the part of the plaintiff is required. The record
must show, that the steps prescribed by the statute to be taken
before the motion for judgment is made, have been regularly
taken. The record before us is in this respect defective. It
does not appear, that the publication contained any notice
that the motion for judgment would be made at the next term
of the Court. Such a notice should have been inserted in the
advertisement of the delinquent-list. The record, it is true,

Nov. Term, states that the Court was satisfied that all the proceedings re-
1836. quired by law had taken place. But that amounts to nothing.

WALLACE The record must show what those proceedings were, in order
v. that an appellate Court may have an opportunity to deter-
VIGUS. mine, whether they are all which the statute requires to give
the Circuit Court jurisdiction. "In summary proceedings,"
says Chief Justice *Marshall,* "where a Court exercises an ex-
traordinary power under a special statute prescribing its
course, that course ought to be exactly observed, and those
facts especially which give jurisdiction ought to appear, in
order to show that its proceedings are *coram judice.*" *Thatch-
er* v. *Powell,* 6 Wheat. 119.

. *Per Curiam.*—The judgment is reversed, and the proceed-
ings subsequent to the filing of the delinquent-list set aside.
Cause remanded, &c.

J. *Morrison,* for the plaintiff.
W. *Herod,* for the state.