SMITH, Claimant, &c. *v.* THE STATE.

The record of a judgment vesting the title to land in the state for non-payment of taxes, should set out the evidence upon which the judgment was rendered.

If the description of the land in a judgment in such case, differ materially from the description of it in the delinquent list filed by the prosecuting attorney, the variance is fatal.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—It appears that the prosecuting attorney filed, in the Circuit Court, at the *March* term, 1837, a list of lands and town lots, on which the taxes were unpaid, &c. The lot in question in this suit is described on the list as follows : " Lots in the town of *Connersville.* Unknown. Lot No. 3, *Dale's* plat." The Court, at the same term, on motion of the prosecuting attorney, gave judgment that the title to " Lot No. 3, in that part of the town of *Connersville* laid out by *George B. Walker, Sidnor Dale,* and others," should vest in the state.

The evidence upon which this judgment is rendered is not shown by the record. For that reason, were there no other, the judgment must be reversed. It has been decided, that the record in these cases should show what proceedings had taken place previously to the judgment, in order that this Court might determine whether the provisions of the statute on the subject had been complied with. *Dentler* v. *The State*, 4 Blackf. 258.

There is another ground for reversing this judgment ; and that is the variance between the list filed by the prosecuting attorney and the judgment, relative to the description of the lot.

VOL. V.—9

Nov. Term, 1838.

*Per Curiam.*— The judgment is reversed, and the proceedings subsequent to the filing of the delinquent list set aside. Cause remanded, &c.

*C. B. Smith*, for the plaintiff.

*W. Quarles*, for the state.