## CLELLAND et al. *v.* THE PEOPLE.

1. Where there is no authority for a term of court on a particular day, any proceeding at a term so begun and held will be illegal and void.

2. The provision of the Constitution (Art.VI, § 20), empowering the judges of the district courts to fix terms of court until they should be fixed by the general assembly, is not to be construed to be in conflict with the act of 1876 (Laws 1876, p. 66), empowering the judges to order other terms than those prescribed by statute, but is in addition thereto. Where a judge fixed a term, the fact should affirmatively appear in the record.

3. Leave to file a supplemental record which will contain an amendment to a *scire facias* in respect to matters of substance, will not be allowed after error brought.

### *Appeal from District Court of Fremont County.*

THE appellants, Clelland and Toupain, were sureties on the recognizance of John L. and Lewis Camblin, who had been recognized for their appearance to answer an indictment for grand larceny at the district court of Fremont county. The statute provided that the November term of that court should be begun on the second Monday in November. On the 16th of November, 1876, the recognizance was forfeited and *scire facias* issued returnable to the April term following. The defendants demurred ; the demurrer was overruled and the defendants pleaded, among other pleas to the writ, *nul tiel record*, on which issue was joined. Judgment went for the penalty of the bond, and the sureties appealed to this court. Leave was prayed in this court by the attorney-general, after joinder in error,

to file a supplemental record showing an amendment in the *scire facias* in matter of substance, since the appeal.

Messrs. WELLS, SMITH & MACON, for appellants.

Mr. A. J. SAMPSON, attorney-general, for appellees.

STONE, J.   The act of February 8, 1876, fixing the terms of court in the third judicial district (Sess. Laws, 11th Sess., p. 67), provides that the terms of the district court of Fremont county are to be held on the third Monday of April and the second Monday of November of each year.   The *scire facias* avers a forfeiture of the recognizance at a term of said court begun and held on the 16th day of November, 1876.   There being no authority for a term begun on that day, any proceeding had at a term so begun and held would be illegal and void.

While it is true, as contended for by the attorney-general, that section 20, article 6 of the Constitution empowered the district judges to fix the terms of their courts until they should be fixed by the general assembly, yet this provision of the Constitution is not to be construed as in conflict with the act of 1876 fixing the terms of the district courts in the third district, but as additional thereto, empowering the several district judges to order a term as necessity or convenience might require, at a time other than that fixed by statute ; and in this view, if the judge of that district did, by order, fix a term of the district court to be begun and held for the county of Fremont on the 16th day of November, 1876, this fact should affirmatively appear by the record.

Leave to file a supplemental record which should contain an amendment of the *scire facias* in respect to the day on which the court was begun and held, was denied at the last term of this court, on the ground that to allow such amendment after error brought in matter of substance, was to deprive the defendants of the right to answer ; and that they had the right to plead to the case as made and presented by the writ, and hence an amendment, which would be

equivalent in effect to an amendment of the writ after join-
der in error in this court, would cut off that right.

In respect, therefore, to the averment in the writ as to the
time of forfeiture, the plea of *nul tiel record* was sus-
tained, and the court below erred in the judgment thereon.

The judgment is reversed and the cause remanded.

*Reversed.*