[Civil No. 133.   Filed August 2, 1886.]

[S. C. 11 Pac. 396.]

THE COPPER QUEEN MINING COMPANY, Plaintiff and Appellant, v. THE ARIZONA PRINCE COPPER COMPANY, Defendant and Respondent.

1. Appeal and Error—Rehearing—Practice—When Refused—Purpose of—Argument on Confined to Points Raised in Petition for.—Where neither the petition for rehearing nor the argument thereon points out any misapprehension of the record or mistake of law, this court will decline to review its former decision. It is not the office or purpose of a rehearing to reopen the whole cause, and to require of the court a reconsideration thereof. Argument of points not included in the petition for rehearing is bad practice. A petition for a rehearing should state particularly the ground

upon which it is asked, and if granted, the argument should be confined to those grounds.

On Rehearing—Former Opinion, Ante, 10.

Dismissed on Motion.—127 U. S. 782; 32 Law Ed. 331.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Cochise. Affirmed..

The facts are stated in the opinion.

John Haynes and W. H. Stilwell, and Lewis & Dibble, for Appellant.

Campbell, Williams, and Robinson, for Respondent.

BARNES, J.—This was an action of ejectment to recover possession of mining ground. The cause was tried below by the court and jury, and a verdict was rendered for plaintiff, and judgment accordingly. The defendant moved for a new trial, which was overruled, and he appealed to this court. The cause was submitted to the January term, A. D.; 1885, of this court, and the judgment was affirmed. *Arizona Prince Copper Company* v. *Copper Queen Mining Company, Ante* 210, 7 Pac. 718. Defendant petitioned this court for a rehearing of the cause, which was granted, and the case was re-argued, and again submitted. Neither the petition itself, nor the argument of the case, point out any misapprehension of the record by this court, or any mistake in the law of the case. Every question urged upon us was submitted and considered by the court on the former hearing. We are, in effect, asked to review that decision of this court. This we decline to do. It is not the office or purpose of a rehearing to reopen the whole cause, and to require of the court a reconsideration of the whole case. Were this precedent to be established, it would open the doors for petitions for rehearing of all causes, and we should expect them more particularly when the persons who compose the court have been changed. On the argument of the cause many points have

been urged upon the attention of the court, which were not included in the petition for rehearing. This we regard as bad practice. A petition for a rehearing should state particularly the ground upon which it is asked, and, if granted, the argument should be confined to those grounds. *Dougherty* v. *Henarie*, 49 Cal. 686; *Grogan* v. *Ruckle*, 1 Cal. 193; *Willson* v. *Broder*, 24 Cal. 190; *Knoth* v. *Barclay*, 8 Colo. 305, 7 Pac. 289; *Hawley* v. *Simmons*, 101 Ill. 654, and see *Munger* v. *Jacobson*, 100 Ill. 468, and *Furlong* v. *Riley*, 104 Ill. 97; *Rogers* v. *Laytin*, 81 N. Y. 642. But the importance of the case, and the ability with which it has been presented, have induced us to go into this record to see if the appellant has lost any substantial right by the former decision of this court. The printed record is very voluminous,—over 700 pages,—and we have carefully read and examined all of it, and we adhere to the conclusions of this court on its former hearing. We cannot say that the evidence does not sustain the verdict, nor can we say that the improper conduct of the jury, as shown by the record, is such as to require their verdict to be set aside. Neither do we think that the judgment is broader than the pleadings allow. These are the points argued. We do not think anything is to be gained by our again reviewing the case at large. That was sufficiently done in the former opinion of this court. Judgment affirmed.

Shields, C. J., and Porter, J., concur.