[Civil No. 1424.   Filed October 17, 1916.]

[160 Pac. 25.]

## CERRO COBRE DEVELOPMENT COMPANY, a Corporation, Appellant, v. WM. B. DUVALL, Appellee.

### ON REHEARING.

1. APPEAL AND ERROR—REHEARING—GROUNDS.—The grounds stated in the motion, amounting to only an argument with the court as to the law applicable to the facts stated, present no grounds for rehearing.

2. CORPORATIONS—OFFER TO SELL STOCK—ACCEPTANCE.—There was no contract of transfer of corporate stock where offer to exchange it on condition was met by counter conditional offer, which was not accepted.

[As to failure to deliver stock as defense to action on note given to corporation for stock, see note in Ann. Cas. 1915A, 422.]

For former opinion, see 16 Ariz. 485, 147 Pac. 695.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Affirmed.

Mr. Selim M. Franklin and Messrs. Cass & Sames, for Appellant.

Mr. Eugene S. Ives and Mr. Frank J. Duffy, for Appellee.

CUNNINGHAM, J.—The motion for rehearing construes the decision heretofore rendered as a decision reaching the conclusion:

"That the offer of an agent to turn over to his principal property received by him upon the sale of the principal's property, and which proceeds of sale belong to the principal, is an offer which must be accepted according to the terms and conditions made by the agent, or no contract is created and the principal therefore forfeits his right to the proceeds so received by his agent."

That the conclusion reached by the court is the wrong conclusion under the facts:

"For the reason that the facts in this case show that said sale was ratified by the acts and acquiescence of the principal; and, particularly, by its bringing suit to recover from the agent, the proceeds received by him upon said sale being the present suit."

That for a further reason the court's conclusions are erroneous, in holding:

"That the principal . . . by not accepting the proceeds of the sale, burdened with the conditions which the agent imposed thereon, which conditions were no part of the terms of the sale itself, failed to ratify the sale, and having for that reason . . . failed to ratify the sale, it cannot recover the proceeds of such sale."

While the grounds stated amount to nothing more than an argument with this court as to the law applicable to the facts stated, and for that reason present no grounds for a rehearing (*Territory* v. *Delinquent Tax List,* 3 Ariz. 69, 89, 21 Pac. 888; *Copper Queen etc. Co.* v. *Arizona Prince, etc. Co.,* 2 Ariz. 169, 11 Pac. 396), yet, believing as I do that an error committed by an appellate court is a tragedy, I have carefully reconsidered the record in view of the objections raised by the said action, and am satisfied that the decision is right.

In the first place, Duvall did not sell the equitable interest of plaintiff in the mines. He did not purport to sell such interest either as agent, trustee or otherwise. What he actually did in the premises was to attempt without authority to surrender an optional contract, standing in his name, but in equity and right belonging to the Sierra de Cobre Develop-

ment Company, S. A., and substitute for such surrendered option another optional contract having the identical terms and conditions with such former contract, with the exception of the total amount payable as the purchase price of the mines. The sum named in the last contract is $95,000. The sum named in the surrendered option was $100,000, and the record discloses that of this last-named sum, the appellant through the Sierra de Cobre Development Company, S. A., and Duvall, paid the sum of $5,000, thereby conclusively refuting the idea that Duvall made a sale of plaintiff's equitable rights in the property.

This conclusively answers the second contention of appellant's motion, because if no sale was made of the principal's property, no ratification or acquiescence of the principal was in question. It lost no rights by that transaction, and the transaction affected no rights except such as were beyond and in addition to appellant's equities.

For the same reason, Duvall, in offering to transfer the 1,000,000 shares of stock to appellant, made the offer, not as agent to principal, but as owner to owner, to exchange property, and had the right to burden the offer made with such conditions as he chose.

The party receiving the offer accepted conditionally; that is, it made a counter-offer to waive its equity in the mines, on condition that Duvall would transfer to it the stock unconditionally. This offer was not accepted by Duvall, and hence no contract of transfer resulted. The appellant acquired no property right in the stock by reason of such negotiations which failed. It had no equitable right in the property represented by the stock, because that property was not subject to appellant's equity owing to the fact that such stock only represented the property of the Aguilars and Torres remaining in the mines after appellant had acquired an equity therein. Hence my conclusion that under the uncontroverted facts, the appellant could not recover the stock sued for. I remain of that opinion notwithstanding the objections of the appellant.

No error appearing in the record, the judgment is affirmed.

FRANKLIN, J., concurs.

ROSS, C. J., not participating.