349 P.2d 771

CLIMATE CONTROL, INC., a corporation, in the right and on behalf of The Industrial Commission of Arizona, and the policyholders of the said The Industrial Commission of Arizona, Appellant,

v.

B. F. HILL, F. A. Nathan and A. R. Kleindienst, individually and as Commissioners of said The Industrial Commission of Arizona; and The Industrial Commission of Arizona, and Phelps Dodge Corporation et al., Appellees.

Nos. 6177, 6414.

Supreme Court of Arizona.

March 2, 1960.

202

John E. Madden, Phoenix, McCarty, Chandler & Udall, Tucson, Favour & Quail, Prescott, for appellant.

· Shimmel, Hill & Cavanagh, Phoenix, for appellees B. F. Hill and F. A. Nathan, individually and as commissioners of The Industrial Commission of Arizona, and for appellee Fisher Contracting Co.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellee A. R. Kleindienst, individually and as a commissioner of The Industrial Commission of Arizona, and for appellee Salt River Valley Water Users' Ass'n.

John R. Franks, Phoenix, for appellee The Industrial Commission of Arizona.

Fennemore, Craig, Allen & McClennen, Phoenix, for appellees American Smelting and Refining Co., Kennecott Copper Corp., Mountain States Telephone and Telegraph Co., and The Pullman Co.

Edward W. Rice and G. H. Ladendorff, Globe, attorneys for appellees Inspiration Consolidated Copper Co., Magma Copper Co., and International Smelting and Refining Co.

Kramer, Roche & Perry, Phoenix, for appellees Garrett Corp., Palmer Mfg. Corp.

McQuatters & Stevenson, Flagstaff, for appellees, Southwest Lumber Mills Co., Saginaw & Manistee Lumber Co.

Evans, Kitchel & Jenckes, Phoenix, for appellees Apache Powder Co., Phelps Dodge Corp., Darr Aero Tech, Inc.; Phelps Dodge Mercantile Co., Verde Tunnel and Smelter Railroad Co., Upper Verde Public Utilities Co.

Morris & Malott, Globe, for appellees, Miami Copper Co., Castle Dome Copper Co., Inc., Copper Cities Mining Co.

Snell & Wilmer, Phoenix, for appellees Reynolds Metals Co., Allison Steel Mfg. Co., The Arizona Power Co.

Ryley, Carlock & Ralston, Phoenix, for appellee Standard Oil Co. of Cal.

Gust, Rosenfeld, Divelbess & Robinette, Phoenix, for appellee Western Union Telegraph Co.

Guynn, Twitty & Sievwright, Phoenix, for appellees, San Manuel Copper Corp., Shattuck Denn Mining Corp., The Stearns Roger Mfg. Co., Utah Construction Co., St. Anthony Mining & Development Co., Ltd., United States Smelting, Refining and Mining Co., The Eagle-Picher Co.

Cunningham, Carson & Messinger, Langmade & Sullivan, Flynn & Allen, Carl W. Divelbiss, Minne & Sorenson, Brice I. Bishop, Stahl, Murphy & Blakley, Phillips, Jones & Phillips, F. Britton Burns, Langerman & Begam, James E. Flynn, Rawlins, Davis, Ellis, Burrus & Kiewit, Phoenix, May, Lesher & Dees, Udall & Udall, Hall & Jones, Tucson, Mangum & Christensen, Flagstaff, amici curiae on motion for rehearing.

STRUCKMEYER, Chief Justice.

· Appellant's motion for rehearing is granted to correct a possible erroneous impression left by a statement in this court's

opinion issued July 15, 1959. Since we feel that it was necessary to grant a rehearing, we will also briefly discuss certain other aspects of appellant's motion.

We said in the statement of facts concerning the trial court's ruling in Cause No. 6414,

"As to the corporate defendants, three of appellant's claims were dismissed and a part of the fourth."

This is incorrect. The corporate defendants were dismissed entirely from the fourth claim for relief.

In the light of A.R.S. § 23-946, that any person of interest dissatisfied with the order of the Commission may commence an action in the Superior Court *against the Commission* as defendant to set aside, vacate, or amend its order, the judgment dismissing the corporate defendants from the fourth claim for relief was proper. The statute limits the action to the Commission as defendant and it is appellant's exclusive remedy. However, other parties interested may properly intervene in the action if so desired.

Appellant urges that this court failed to treat its alternative to its basic costs claim predicated on the theory of restitution for unjust enrichment. Appellant, a corporation, brought this action *in the right and on behalf of The Industrial Commission of Arizona,* urging that it had the same primary right to bring the action which the Commission possessed. (We did not pass on the issue raised by the form of appellant's unique action, preferring that the matter be disposed of on the merits.) Therefore, once having determined that a premium for basic costs was included within the operation of the self-rating plan, and it being admitted that the premium was paid, it became apparent that no claim for relief in restitution existed. The contract between the Commission and the self-raters was performed in full. 5 Corbin on Contracts, § 1104, p. 462.

Appellant urges that the court's opinion in part was predicated on an erroneous assumption of fact. This, appellant says, is because the contract construed by the court is not the contract between the Commission and the self-raters. It may be stated that the contract construed by this court is the contract pleaded by appellant in the court below in both causes Nos. 6177 and 6414 as the contract between the Commission and the self-raters, and the same contract upon which the court below ruled in granting appellees' motion to dismiss. It is the same contract which was presented to this court on appeal as the contract between the Commission and the self-raters. Its meaning was argued in detail by appellant, both orally and in its briefs. If it is not the actual contract between the Commission and the self-raters, as is now for the first time asserted, it is not the concern of the court on rehearing. The con-

tract which appellant asked to be construed was construed. Appellant has had its day in court, and a full day, indeed. Justice neither requires nor permits of more than this.

■ Appellant now urges that the court's construction of the self-rating endorsement and the self-rating (experience rating) plan permits a "totally unbridled discretion to charge or not to charge" for basic costs, and hence destroys the constitutionality of the self-raters' statute, A.R.S. § 23–983, subd. E. It is to be confessed that we do not quite follow appellant's argument in this respect. If appellant is asserting that the self-rating statute as construed by the court is unconstitutional, then appellant will not be heard in an attempt to raise such an issue. The rule of law is well established that one who has invoked the provision of a statute, sought to avail himself of its terms, and has been an actor thereunder, may not thereafter question its constitutionality. Haggard v. Industrial Commission, 71 Ariz. 91, 223 P.2d 915; Stuart v. Norviel, 26 Ariz. 493, 226 P. 908.

If it be considered that the self-rating statute now permits arbitrary and capricious action by the Commission, appellant's position is patently unsound since, as pointed out in the original opinion, by the specific language of the statute the Commission is directed to provide for the specified items of basic costs in fixing a rate of premium.

The Commission does not have unbridled discretion to charge or not to charge at will for basic costs. It "shall" provide for a rate "to meet" the specified items and hence is manifestly prohibited from establishing a rate which will not meet the basic costs of the self-raters.

If appellant's constitutional objection is that a statute, even though valid on its face, can be so administered as to be arbitrary and capricious, then the simple answer is that the statute, A.R.S. § 23–946, affords a method for obtaining judicial review of that administrative action. We find nothing unconstitutional in being given a method by which the Commission's orders may be attacked or in being required to pursue that method.

■ Finally, appellant has advanced other grounds for reversing this court's decision. They consist primarily of a reargument of its initial position. By long-established rule of court they are not grounds for reconsideration. Copper Queen Mining Co. v. Arizona Prince Copper Co., 2 Ariz. 169, 11 P. 396.

Except as herein modified, the original opinion is in all respects affirmed.

PHELPS and JOHNSON, JJ., and E. R. THURMAN and FRED J. HYDER, Superior Court Judges, concur.

UDALL and BERNSTEIN, Justices, having disqualified themselves, the Honorable E. R. THURMAN and the Honorable FRED J. HYDER, Judges of the Superior Court of Maricopa County, Arizona, were called to sit in their stead and participate in the determination of this appeal.